UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| INMATES OF BLOUNT COUNTY JAIL and RUDOLPH M. BROOKS,[1] | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No.: 3:16-CV-320-PLR-HBG ) ) |
| BLOUNT COUNTY, JAMES BERRONG, and C/O DALMEN,[2] | ) ) ) |
| Defendants. | ) ) |

## **MEMORANDUM and ORDER**

The Court is in receipt of a pro se prisoner's civil rights complaint under 42 U.S.C. § 1983[3] [Doc. 2] and a motion for leave to proceed *in forma pauperis* [Doc. 1]. Section 1915(g) of the Prison Litigation Reform Act of 1996 (PLRA) provides as follows:

---

[1] It appears from Plaintiff's motion for leave to proceed *in forma pauperis* and his complaint that Plaintiff intended to file this lawsuit as a class action on behalf of himself and all inmates at Blount County Jail [Doc. 1 at 1; Doc. 2 at 1]. However, "pro se prisoners cannot adequately represent a class." *Ziegler v. Michigan*, 59 F. App'x 622, 624 (6th Cir. 2003). Indeed, the Sixth Circuit has affirmed a district court's denial of class certification in a proposed class action by pro se prisoners, stating that "no representative party was available because pro se prisoners are not able to represent fairly the class." *Palasty v. Hawk*, 15 F. App'x 197, 200 (6th Cir. 2001). Regardless, the Clerk's office is **DIRECTED** to correct the Court's docket sheet to reflect that Plaintiff sought to file this lawsuit as a class action on behalf of himself and all inmates of Blount County Jail.

[2] While the Court's docket sheet lists "Blount County Jail" as the only Defendant in this case, Plaintiff's motion for leave to proceed *in forma pauperis* names Blount County, James Berrong, and C/O Dalmen as Defendants [Doc. 1 at 1] and Plaintiff's complaint names Blount County, et al. as Defendants [Doc. 2 at 1]. Accordingly, the Clerk's office is **DIRECTED** to correct the Court's docket sheet to reflect that Plaintiff's filings name Blount County, James Berrong, and C/O Dalmen as Defendants.

[3] While Plaintiff states in his complaint that he is filing a habeas corpus action, among other things, it is apparent from the substance of the complaint that Plaintiff seeks relief under § 1983 for alleged violations of constitutional rights, rather than habeas corpus relief.

> In no event shall a prisoner bring a civil action [*in forma pauperis*] . . . if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action . . . that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Before he filed his complaint in this case, Plaintiff had filed, while incarcerated, at least five civil actions which were dismissed for failure to state a claim. *See* (1) *Brooks v. State of Tennessee*, Civil Action No. 3:12-CV-640 (E.D. Tenn. Jan. 10, 2013) (Docs. 3 and 4, orders dismissing case as frivolous and for failure to state a claim upon which relief may be granted); (2) *Brooks v. Blount County*, Civil Action No. 3:12-CV-40 (E.D. Tenn. Oct. 17, 2012) (Docs. 7 and 8, orders dismissing case as frivolous and for failure to state a claim upon which relief may be granted) (3) *Brooks v. Blount County*, Civil Action No. 3:11-CV-363 (E.D. Tenn. Nov. 15, 2011) (Docs. 6 and 7, orders dismissing case as frivolous and for failure to state a claim upon which relief may be granted); (4) *Brooks v. Sundquist, et al.*, Civil Action No. 2:98-CV-254 (E.D. Tenn. April 27, 1999) (Docs. 5 and 6, orders dismissing case for failure to state a claim upon which relief may be granted); and (5) *Brooks v. State of Tennessee, et al.*, Civil Action No. 3:97-CV-915 (E.D. Tenn. June 25, 2015) (Docs. 5 and 6, memorandum and orders dismissing case for failure to state a claim upon which relief may be granted).

Plaintiff's complaint does not allege that he is any imminent danger of physical injury. Therefore, in order to file this action, Plaintiff must prepay the entire $400.00 filing fee. Accordingly, this action is **DISMISSED without prejudice** to Plaintiff upon payment of the full filing fee of $400.00.

E N T E R :

_/s/ Pamela L. Reeves_
**UNITED STATES DISTRICT JUDGE**

2